UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11486-GAO

MARIA MIRANDA,
Plaintiff,

v.

BRIAN SWEET, COMMONWEALTH OF MASSACHUSETTS, MARK F. DELANEY,
Superintendent Colonel of the State Police, and JOHN and/or JANE DOES 1-10,
Defendants.

OPINION AND ORDER
April 22, 2010

O'TOOLE, D.J.

This action arises from the alleged assault of the plaintiff, Maria Miranda, by Massachusetts State Trooper Brian Sweet on September 6, 2007. Colonel Mark F. Delaney, the Superintendent of the Massachusetts State Police, and the Commonwealth of Massachusetts (the "Commonwealth"), two other named defendants, have moved to dismiss all claims against them under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Count II alleges that Delaney, acting in his official and individual capacities, and the Commonwealth violated Miranda's due process rights. Recognizing that 42 U.S.C. § 1983 does not permit suits against States or state officials in their official capacities, Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989), Miranda has withdrawn her claims against Delaney in his official capacity and the Commonwealth.[1] The remaining claim against Delaney is now dismissed because, as he asserts, Miranda has not alleged sufficient facts to state a claim for

---

[1] Miranda suggests that she does not withdraw her request for a declaratory judgment against the Commonwealth. Because a State is not a "person" under § 1983 whether the relief sought is damages or equitable relief, City of Kenosha, Wis. v. Bruno, 412 U.S. 507, 514 (1973), Miranda cannot obtain a declaratory judgment, a type of equitable relief, against the Commonwealth via § 1983.

supervisory liability. "A supervisor may be found liable only on the basis of his own acts or omissions." Febus-Rodriguez v. Betancourt-Lebron, 14 F.3d 87, 91-92 (1st Cir. 1994). Here, the complaint contains no specific factual allegations about how Delaney defaulted in his supervisory responsibilities. The complaint alleges only that, as Superintendent, Delaney supervised the discipline of state troopers, (Compl. ¶ 5), and that Sweeny had a history of using excessive force, (id. ¶ 29). Miranda then hypothesizes that Delaney must have or should have known about Sweeny's history and therefore must have failed to take appropriate remedial actions because Sweeny again used excessive force. This is the precise type of speculation that Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), sought to prevent.

Count III alleges that Delaney negligently supervised Sweeny. Count VI alleges that Delaney negligently hired, trained, and/or disciplined Sweeny. Recognizing that the Massachusetts Tort Claims Act prohibits suit against public employees for negligent acts performed within the scope of their official duties, Breault v. Chairman of the Bd. of Fire Comm'rs of Springfield, 513 N.E.2d 1277, 1283 (Mass. 1987), Miranda has withdrawn both claims.

Count VI also alleges that Commonwealth negligently hired, trained, and/or disciplined Sweeny. The claim will be dismissed as barred by the Eleventh Amendment. The mere use of federal funds to benefit the state police, contrary to Miranda's assertion, does not constitute a waiver of the Commonwealth's Eleventh Amendment immunity. See Ramos-Pinero v. Puerto Rico, 453 F.3d 48, 52 n.5 (1st Cir. 2006). Immunity is waived only when Congress explicitly conditions the receipt of federal funds on the relinquishment of immunity. Edelman v. Jordan, 415 U.S. 651, 673 (1974); see Nieves-Marquez v. Puerto Rico, 353 F.3d 108, 126 (1st Cir.

2003). Miranda makes no allegation that the receipt of the funds used by the Commonwealth to benefit the state police included an explicit waiver of immunity.

For the foregoing reasons, the defendants' Motion to Dismiss (dkt. no. 13) is GRANTED. Counts II, III, and VI are dismissed as against Delaney and the Commonwealth.

It is SO ORDERED.


   /s/ George A. O'Toole, Jr.
United States District Judge